Anseth & Zander, Williston, for respondent and appellant; argued by Janet Holter Zander.

Gerald Rustad, Williston, guardian ad litem.

James R. Britton, State's Atty., Williston, for petitioner and appellee.

GIERKE, Justice.

The mother of C.M.E. and C.A.E., two minor children, appeals from a juvenile court order which found the children to be deprived children pursuant to Chapter 27–20 of the North Dakota Century Code. The order also extended the placement time of the children under the care and custody of the Williams County Social Service Board. We affirm.

C.M.E. and C.A.E. are the minor children of Mary and Lloyd. The children were born October 6, 1975, and April 17, 1980, respectively.

Mary and Lloyd were divorced in April 1984. The divorce decree stated that both parents had agreed that the final decision regarding the custody and support of C.M.E. and C.A.E. shall be left to the discretion of the court pending a custody study by the social services board. The divorce decree also awarded to Mary the custody of their youngest son, born in March of 1984.[1]

**In the Interest of C.M.E. and C.A.E., Children.**

**C.H., Petitioner and Appellee,**

v.

**M.E., Respondent and Appellant,**

**L.E., Respondent.**

**Civ. No. 11037.**

Supreme Court of North Dakota.

April 10, 1986.

1. This youngest son was removed from Mary's custody in March 1985. He was placed temporarily in the custody of the social service board

Mary received in-patient care for alcoholism in January and February 1985. At the time of trial Mary was attending Alcoholics Anonymous and receiving counseling. She now lives in Crosby.

Lloyd is employed and lives in Williston. He is receiving counseling and has plans to take classes in child care and problem handling. At the time of trial he did not feel ready to resume custody of the children. Rather, he expressed a desire that they remain in foster care until he could provide a home for them.

Mary has had little contact with the children since March 1985. The court noted this and suggested she take advantage of the parenting and household management programs available through the social service board.

The children were taken into the custody of the Williams County Social Service Board on November 22, 1983. On December 21, 1983, the juvenile court entered an order of disposition removing the children, as deprived children, from their parents, Mary and Lloyd. The juvenile court did not terminate parental rights, but did transfer temporary legal custody of the children to the director of the social service board until June 21, 1985. On July 5, 1985, the juvenile court determined that an extension of the earlier order would be appropriate and that the children should remain in the legal custody of the social service board until September 6, 1986.

At the July 5, 1985, hearing the juvenile court found the children continued to be deprived children and that the conditions and causes of deprivation were likely to continue or had not been remedied, further finding that neither parent had the financial resources to provide for the needs of the children. The court also noted that during the prior years numerous complaints had been made to the social service board alleging neglect.

The scope of our review in juvenile matters is broader than the clearly erroneous standard of Rule 52(a), N.D.R.Civ.P. Section 27–20–56(1), N.D.C.C., provides, in part:

*"27-20-56. Appeals.—*

"1. ... The appeal shall be heard by the supreme court upon the files, records, and minutes or transcript of the evidence of the juvenile court, giving appreciable weight to the findings of the juvenile court...."

The primary issue on appeal is whether the extension of the juvenile court order is necessary or proper to accomplish the purpose of the original order. Prior to the granting of the extension of the order the juvenile court heard extensive testimony on the past and present living conditions of the children. The record demonstrates a careful inquiry into the emotional, financial, and general living situations of the parents and children.

We are not examining the original temporary transfer of legal custody but are examining the appropriateness of the extension of that order. Our review of the record convinces us that the juvenile court's decision with regard to these two minor children was in their best interests. It is notable that the juvenile court ordered the social service board to make reasonable efforts to make possible the return of the children to the custodial parent's home.

We recognize that each parent is making an effort to correct the deficiencies which led to the removal of the children from their custody. In July 1985 the juvenile court found that it would be premature to return the children to either parent and granted an extension. The extension was meant to allow the parents the time to improve their personal and financial circumstances sufficiently to provide a well-balanced home for their children. The alternative would have apparently been to terminate parental rights. The extension was necessary and proper. Therefore, we affirm the July 5, 1985, order of the juvenile court.

for foster care until September 6, 1986, with the consent of Mary and Lloyd.

ERICKSTAD, C.J., and LEVINE, MESCHKE and VANDE WALLE, JJ., concur.